UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br>　　　Plaintiff,<br>　　vs.<br>CITY OF BERKELEY,<br>　　　Defendant. | Case No. 4:19-cv-07668-YGR<br><br>ORDER DENYING DISCOVERY LETTER RE: EARLY DISCOVERY<br><br>Re: Dkt. No. 44 |

　　　On August 5, 2020, the parties filed a discovery letter. (Dkt. No. 44.) In the discovery letter, defendant City of Berkeley ("Berkeley") requests leave to allow early discovery of the identity of any of plaintiff California Restaurant Association's ("CRA") members seeking to open a restaurant that is allegedly subject to Berkeley's Natural Gas Infrastructure Ordinance. CRA opposes the request: CRA avers that Berkeley's request is premature where there is no operative complaint yet on file, and Berkeley has not provided good cause to allow discovery prior to the Rule 26(f) conference.

　　　Having reviewed the discovery letter and the record in this matter, the Court agrees that Berkeley's request is premature, and that Berkeley has not shown good cause to permit discovery at this stage. "A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice." *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-04999-YGR, 2018 WL 4635650, at *1 (N.D. Cal. Sept. 27, 2018) (citing Fed. R. Civ. P. 26(d)). "Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for early discovery." *Id.* (collecting cases) (citations omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

1   Here, as discussed at the motion hearing on July 14, 2020 and as conceded by CRA in the
2   discovery letter, Berkeley will be entitled to such membership information during the normal
3   course of discovery. However, Ninth Circuit authority is clear that CRA need not provide the
4   name of an affected member in its complaint. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d
5   1032, 1041 (9th Cir. 2015) (holding that a plaintiff association need not name an affected member
6   in the complaint). This is especially so where Berkeley's prior and anticipated motions to dismiss
7   are facial challenges to CRA's standing, where the jurisdictional challenge is confined to the
8   allegations as pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).
9   Berkeley has not otherwise shown "good cause" for permitting discovery at this stage.

10   Accordingly, the request in the discovery letter for leave to allow Berkeley to conduct
11   early discovery as to CRA's members is **DENIED**.
12   This Order terminates Docket Number 44.
13   **IT IS SO ORDERED.**

15   Dated: August 11, 2020

    _____
    **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT JUDGE**

2